### (March 14, 1974)

■ WEINGRAD & WEINGRAD, Appellant, v. AL KEVELSON, Respondent.— Upon the defendant-respondent's motion renewed upon argument of the appeal, the plaintiff-appellant's appeal from the order of the Supreme Court, New York County, entered on June 15, 1967, and the judgment entered thereon on June 27, 1967, is unanimously dismissed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The unjustifiable and prejudicial delay of over six years in perfecting the appeal requires its dismissal. Had we reached the merits of the appeal, we would have affirmed the determination of Special Term which granted the defendant's motion for summary judgment and dismissed the complaint. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Moore, JJ.

■ 300 WEST REALTY Co., Appellant, v. CITY OF NEW YORK, Respondent. — Three orders and judgment of Supreme Court, New York County, entered on April 24, November 8, November 15, and November 16, 1973, respectively, insofar as appealed from, unanimously affirmed, without costs and without disbursements. Concur — Nunez, J. P., Murphy, Tilzer and Moore, JJ.; Kupferman, J., concurs in the following memorandum, as to order entered April 24, 1973: The interrogatories submitted by the defendant-respondent City of New York by and large request information more properly within its knowledge than that of the plaintiff-appellant. However, the representative of the city on the oral argument stated that all that is really requested is those records actually in the possession of the plaintiff-appellant. With this limitation and the need for an expeditious determination of this matter, no further comment is necessary.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH DOUGLAS, Appellant.— Judgment, Supreme Court, New York County, rendered on October 12, 1972, upon defendant's plea of guilty, unanimously reversed, on the law, and case remitted to the Criminal Term of the Supreme Court, New York County, for resentencing. The sentencing court did not grant defendant an opportunity to be heard before sentencing as required by CPL 380.50. Failure to do so constitutes error necessitating a reversal of the sentence and a remand for resentencing only. (*People* v. *Rojas,* 42 A D 2d 945; *People* v. *Williams,* 42 A D 2d 931; *People* v. *Lotz,* 42 A D 2d 900.) Concur — McGivern, P. J., Markewich, Steuer and Capozzoli, JJ.